People v J.B. (2024 NY Slip Op 50529(U))

[*1]

People v J.B.

2024 NY Slip Op 50529(U)

Decided on May 3, 2024

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 3, 2024
Youth Part, Erie County

The People of the State of New York

against
J.B., AO.

Docket No. FYC-70887-24/001

James Harrington, Esq., (Assistant District Attorney)
Daniel Schaus, Esq., (for the Principal AO J.B.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of James Harrington, Esq. (Assistant District Attorney), dated April 15, 2024; responsive papers on behalf of AO J.B. by Daniel Schaus, Esq. having been received on April 26, 2024; oral argument and a hearing on the motion having been waived; and due deliberation having been had, the Court finds the following:
Procedural History
AO J.B. is charged under FYC-70887-24 with one count of Criminal Possession of Stolen Property in the Third Degree, in violation of Penal Law § 165.50, one count of Criminal Mischief in the third degree, in violation of Penal Law § 145.05(2), one count of Criminal Mischief in the Second Degree, in violation of Penal Law § 145.10, and one count of Unauthorized Use of a Vehicle, Third Degree, in violation of Penal Law § 165.05(1). Additionally, AO J.B. is charged under FYC-70921-24 with multiple Vehicle and Traffic Law infractions.
On March 21, 2024, this Court arraigned AO J.B. and released him on his own recognizance.
The six-day reading was held on March 27, 2024. The People conceded the reading. This [*2]Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. An extraordinary circumstances decision on motion was scheduled for May 3, 2024.
Findings of Fact
It is alleged that on March 12, 2024, at around 11:00 AM, Complainant reported that her 2021 Blue Kia Sportage was taken from her driveway overnight.
At approximately 3:30 that afternoon, a police officer was parked in a parking lot of a pharmacy and dental office. He saw a blue Kia Sportage pull into the parking lot. The vehicle was occupied by at least four unknown people. He saw the vehicle travel west towards the far end of the parking lot, make a loop around the parking lot, travel east along the building, then park between a black Chevy Trailblazer and a white Hyundai Tucson.
The Officer saw an unknown juvenile male attempting to gain entry to the Chevy Trailblazer. Another unknown male attempted to gain entry to the Hyundai Tucson, causing damage to the door handle and lock. The Officer drove over and parked behind the Sportage to prevent it from fleeing. He exited his vehicle to initiate a traffic stop, began to identify himself as a Police detective and gave verbal commands to the operator and occupants of the Sportage. The driver of the Sportage then placed the vehicle in reverse and began backing up. The Officer continued to give verbal commands to the driver to stop the vehicle and identified as a police officer. The Sportage continued backing up and struck the passenger side of the Officer's vehicle, causing damage to the front passenger side door and the rear passenger side door. The driver of the Sportage then put the vehicle in drive and started driving forward. At this time, the driver and three other passengers exited the Sportage, while it was in motion. The Sportage struck the Tucson, causing damage to the front driver's door, estimated to exceed $2,000.00 on one estimate and approximately $1,773.00 pursuant to another estimate. The Sportage came to rest due to striking a sign and hill located in front of the vehicle. The Officer observed significant damage to the steering column of the Sportage.
Additional officers responded and helped apprehend the four individuals who fled the scene. In total, five juveniles were taken into custody relative to this incident. AO J.B. admitted to being the operator of the Sportage.
Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that [*3]the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40. This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
The People state that AO J.B.'s actions were cruel and heinous in that he was the driver of the stolen vehicle and caused an estimated $2,000.00 of damages to an unoccupied vehicle. The People also allege that AO J.B. was the leader of criminal activity who coerced other reluctant youth into committing crimes when he drove them to a parking lot for the purpose of unlawfully taking and possessing stolen vehicles for their enjoyment. Further, the People contend that AO J.B. will not be amenable to Family Court services.
Defense counsel alleges that the People have failed to meet their burden and this matter should be removed to Family Court. He argues that this Court should not assume that AO J.B. was the leader of criminal activity just because he was driving the vehicle. Additionally, AO J.B. and the passengers in the vehicle are of similar ages. Defense counsel further states, and this Court agrees, that stolen vehicles are a common occurrence in Erie County. This incident was not especially heinous. No one was injured, and no weapons were recovered. The People do not allege that AO J.B. has a history in Youth Part. There were significant damages to other vehicles during this incident. With the removal of this case, Family Court will have the ability to award up to $1,500.00 in restitution.
Based on the foregoing, this Court finds that the People failed to meet their burden of proving that this young person is not amenable to or would not benefit in any way from the heightened services in Family Court.
Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet its burden to prevent removal of this action to Family Court. [*4]This matter shall be removed.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN